

**SIGNED this 17th day of May, 2007.**

```
                            _____
                                   FRANK R. MONROE
                            UNITED STATES BANKRUPTCY JUDGE
```
_____

```
              UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF TEXAS
                     AUSTIN DIVISION

IN RE:                              )
                                    )
JOE RAY GRIFFIN                     )   CASE NO.  06-11130-FM
SUSAN RESON GRIFFIN                 )   (Chapter 13)
              DEBTOR                )
```

### MEMORANDUM OPINION

The Court held a hearing on May 15, 2007 at 10:00 a.m. on the Debtor's Objection to the Claim filed in the name of B-Real, LLC/Chase Bank USA, N.A ("B-Real"). This is a core proceeding under 28 U.S.C. §157(b)(2). This Court has jurisdiction to enter a final order under 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b)(1), 28 U.S.C. §151, and the Standing Order of Reference of all bankruptcy cases to this Court by the United States District Court for the Western District of Texas Austin Division. This Memorandum Opinion is being issued as Findings of Fact and

1

Conclusions of Law under Bankruptcy Rules 9014 and 7052.

### Facts

This is a Chapter 13 case voluntarily filed by the Debtors on July 27, 2006. B-Real timely filed a proof of claim on December 5, 2006 in the amount of $3,935.80 for an unsecured credit card indebtedness it had purchased from Chase Bank USA, N.A. The Debtors scheduled Chase Bank (apparently the same account) with the indebtedness of $6,876.00. The difference in the amounts were not addressed by either party.

Debtors have objected to the proof of claim alleging lack of documentation and no evidence of the transfer between Chase and B-Real.

The original claim was filed using the following creditor name, "B-Real, LLC/Chase Bank USA N.A.". The account summary attached to the original claim was woefully deficient in that it simply had an alleged ending balance without identifying the specific account involved.

In response to the objection B-Real amended its claim attaching MasterCard account summary statements for the Chase Bank account in question for the months of March, April, May, June, July and August 2006. The amended claim also had a sworn declaration of service. It did not, however, have any evidence of transfer from Chase Bank USA, N.A.

**Issue**

Does B-Real, LLC have to attach a copy of the assignment of its claim from Chase Bank USA N.A. in order to have its claim allowed in this case?

**Conclusions of Law**

Apparently, the credit card companies have begun selling in bulk, and apparently at a steep discount, the accounts for persons who file bankruptcy.

We should begin our inquiry with what the credit card creditor itself must do to prove its claim. It has been held that in order, "for parties to have sufficient information to determine the basis and accuracy of the claim, a summary statement attached to the claim must include:

> (1) the name and account of the debtor or debtors;
>
> (2) the amount of the debt;
>
> (3) be in the form of a business record or other reliable formats; and
>
> (4) if the claim includes charges such as interest, late fees, and attorney's fees, the summary must include a statement giving a breakdown of those elements."

*In re Armstrong,* 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005). Citing *In re Kemmer,* 350 B.R. 706, 715 (Bankr. E.D. Tenn. 2004) and *In re Cluff,* 313 B.R. 323, 332-34 (Bankr. D. Utah 2004).

As pointed out in those cases, most of this information can be found on the monthly credit card statements that debtors routinely receive prepetition. These monthly account statements have been attached to B-Real's amended proof of claim. They are sufficient for all parties to assure themselves that the claim that is being asserted in the amended claim appears valid and it, therefore, results in giving B-Real's claim *prima facie* status.

The burden of going forward with the evidence then has shifted to the Debtors to produce evidence to rebut the *prima facie* status of the claim. Here the Debtors introduced no evidence concerning the merits of the claim and, therefore, the claim itself must be viewed as allowable.

The issue now becomes whether B-Real's claim should be disallowed since no evidence of assignment from Chase Bank was attached. Some courts have held that, "In the event the claimant is an assignee of a debtor's original creditor, a claimant must attach a signed copy of the assignment and sufficient information to identify the original credit card account." *In re Hughes,* 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004).

Other courts have also held that a claim transferee must attach transfer documents. *In re Armstrong, supra.* at 106. Although not specifically stated, it appears that the claim transferee in *Armstrong* filed the original proof of claim and did not receive an assignment of the proof of claim that was filed.

One court finds this to be a very important distinction. That court states, "First, Rule 3001(e)(2), Fed.R.Bankr.P., requires evidence of a <u>transfer</u> of a claim only if the claim is transferred *after* the original creditor files a **proof of claim**. No similar requirement exists in Rule 3001(e)(1) if the claim is transferred *before* a **proof of claim** is filed." *In re Gonzales,* 2006 WL 3770613 (Bkrtcy. S.D. Fla. 2006). The bankruptcy judge in the *Gonzales* case is, of course, right. Bankruptcy Rule 3001(e)(1) simply does not require evidence of the assignment or transfer if the transfer occurred before the proof of claim is filed. That is our situation in the present case. Accordingly, this Court should not impose any additional requirement on a claim transferee that does not appear in the Rules of Bankruptcy Procedure or the statute itself.

Therefore, the Court concludes that in this case, the failure of the claim transferee to provide a copy of the assignment or other document of transfer by which it obtained Chase Bank's claim against the Debtors is not grounds to disallow the claim.

An Order of even date herewith will be entered denying the Debtors' Objection to the Proof of Claim filed by B-Real.

###

Copy To

All counsel of record
Chapter 13 Trustee

5